[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Robert Coffin appeals the decision of the Commissioner of Motor Vehicles suspending his operator's license for six months pursuant to General Statutes 14-227b. The appeal is brought pursuant to 4-183. The court finds the issues in favor of the defendant Commissioner of Motor Vehicles.
In his brief and at oral argument, the plaintiff has asserted a single basis for his appeal. He contends that there was insufficient evidence for the hearing officer to find that the police officer was legally entitled to stop the plaintiff prior to developing probable cause for his arrest on the drunk driving charge.
The facts material to the resolution of the issue on appeal appear in the record and are essentially undisputed.
On Saturday, April 11, 1992, at approximately 3:00 P.M., CT Page 11520 an East Hampton police officer was approached by Ms. Lillian Plourde who stated that a white Porsche with a black top had pulled into her driveway, that she spoke to the operator who was a white male with blondish hair, that he was a stranger to her but he insisted that a Mr. Mandarin resided there, that the operator appeared very intoxicated, that she observed his vehicle as it was leaving her driveway, and that he was weaving on the roadway. The police officer went in search of the vehicle and spotted it as it proceeded north on Main Street in East Hampton. There is no evidence that it was weaving at that time. The officer followed the vehicle as it returned to the Plourde residence and entered the driveway. The officer pulled in behind the vehicle. The operator, who was the plaintiff in this case, emerged from the vehicle. According to the police officer's report, which was admitted in evidence at the hearing, the plaintiff "almost fell over. He was swaying back and forth and was unsure of his footing." After speaking to the plaintiff and conducting further investigation, additional facts were developed which provided probable cause for the arrest of the plaintiff on the drunk driving charge.
A police officer need not have probable cause to stop a motor vehicle. A brief investigatory stop is proper even in the absence of probable cause if the police have a "reasonable and articulable suspicion that a person has committed or is about to commit a crime." State v. Lamme,216 Conn. 172, 184 (190). "Reasonable cause for a stop can be based on information supplied by a third party even though the informant's unverified tip may not supply probable cause for issuance of an arrest warrant. `The fourth amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape.'" State v. Holloman, 20 Conn. App. 521, 525
(1990). (Citation omitted). A further bedrock rule of the scope of this court's review is that "[j]udicial review of the commissioner's action . . . is very restricted . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence . . . which reasonably supports the decision of the commissioner, (the court) cannot disturb the conclusion reached by him." Lawrence v. Kozlowski, 171 Conn. 705 (1976). CT Page 11521
Applying the standards set forth above to the facts of this case, the court concludes that the hearing officer was justified in finding that the police officer lawfully stopped the plaintiff based on his reasonable suspicion that the plaintiff was operating a vehicle while under the influence of intoxicating liquor. Specifically, the police officer was justified in stopping the plaintiff based solely on the information supplied by Ms. Plourde. His reasonable suspicion was heightened, if not confirmed, by his own observation of the plaintiff as he emerged, unbidden, from the vehicle.
The plaintiff has presented no other basis for his appeal. The Commissioner's decision is, therefore, affirmed.
The plaintiff's appeal is dismissed.
Maloney, J.